Before the First Division, May 26, 1939

No. 41431.—Protest 912974–G/87270 of D. M. Campana Art Co. (Chicago).

Opinion by McClelland, P. J. The protest was restored to the calendar.

Brown, J., dissenting in part: I concur in the part of the order restoring the case to the docket at the June term of the First Division as open for all purposes, but I am constrained to disagree with the rest of the above order concerning the incorporation of records. In a special jurisdiction like ours where nine out of ten of the cases brought by protest are cases following a test case it has been the invariable rule and practice since this court was created in 1890 that records in a prior test case could be incorporated on motion of either party in the discretion of the division deciding the case even where there was objection and where the parties were different, where the division thought it would promote the ends of justice. It would, in my opinion, plainly promote the ends of justice here. The great convenience and fairness of this long-established practice, exercised uninterruptedly for nearly fifty years, is apparent to all. The discretion of the division prevents the abuse of the privilege. Great delicacy should be exercised in destroying this beneficent practice necessary to the reasonable and fair operation of this jurisdiction.

United States v. Bosca, Reed, MacKinnon Co., 24 C. C. P. A. 364, T. D. 48829, is claimed at this late date now to destroy it. In that case, however, the parties in the incorporated record and those in the case before the court were the same and, therefore, every word that was said about incorporating a record where the party plaintiff was not the same was pure and unadulterated dicta. That language, therefore, should not be determinative of the question. The whole question will have to be reexamined, presumably with a different result when the question involved here where the parties are different does come squarely before the court of appeals. Until then this court should follow the old practice whenever they think the ends of justice are facilitated by the incorporation of the record in a prior test case even if either party objects or the party plaintiff is different from the plaintiff in the case before the court.

Mr. Justice Taft in his elaborate and learned discussion of the peculiarities of customs practice in United States v. Stone & Downer Co., 274 U. S. 225, in which he worked out that the rule of res judicata could not apply to customs, shows with great detail how necessary the incorporation of prior records is to the proper operation of this jurisdiction, setting out by way of illustration our rule for the incorporation of records. The attitude now taken in dicta by the Court of Customs and Patent Appeals is contrary to the whole philosophy of Judge Taft's statement. It is apparent to all that its dicta as now pronounced is contrary to the interest of a small importer who, according to them, could not take advantage of an elaborate test case brought by some large importing concern with perhaps the whole trade testifying on a commercial designation, because, forsooth, he possessed a different name from that of the large importer. It is also perfectly apparent from a reading of Judge Taft's opinion in the Stone & Downer case that the present dicta on this subject by our court of appeals would not hold water before the Supreme Court on certiorari granted in a case involving this question. It is repeated that delicacy requires a beneficent fifty years' practice shall not be wantonly destroyed by mere volunteered dicta.